IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CCUR HOLDINGS, INC., | § | |
| | § | |
| Defendant Below, | § | No. 216, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| CRAIG SAMUELS, | § | C.A. No. 2021-0358 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 27, 2022
Decided: July 22, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     The appellee, Craig Samuels, filed a class action complaint in the Court of Chancery against CCUR Holdings, Inc. (the "Company") and its three directors. The first count of the complaint asserted that the directors breached their fiduciary duties in connection with a 3000:1 reverse stock split. Specifically, it alleged that the transaction was the result of unfair dealing by conflicted directors and that the $2.86 per pre-split share that the Company paid for fractional interests remaining after the reverse stock split was an unfair price. The second count of the complaint asserted that the Company violated Section 155 of the Delaware General

Corporation Law by cashing out the fractional interests for less than "fair value"[1] and that the Company should be ordered to pay the difference between $2.86 per share and the "fair value" of the cashed-out interests.

(2)    In a memorandum opinion dated May 31, 2022 (the "Opinion"),[2] the Court of Chancery granted the defendants' motion to dismiss the breach of fiduciary duty claim.  The court denied the motion to dismiss the statutory claim against the Company.  The court rejected the defendants' argument that Delaware law does not recognize a standalone, statutory cause of action against a corporation for a violation of Section 155(2).[3]

---

[1] Section 155 provides, in pertinent part:

> A corporation may, but shall not be required to, issue fractions of a share.  If it does not issue fractions of a share, it shall (1) arrange for the disposition of fractional interests by those entitled thereto, (2) pay in cash the fair value of fractions of a share as of the time when those entitled to receive such fractions are determined or (3) issue scrip or warrants in registered form (either represented by a certificate or uncertificated) or in bearer form (represented by a certificate) which shall entitle the holder to receive a full share upon the surrender of such scrip or warrants aggregating a full share.

8 *Del. C.* § 155.

[2] *Samuels v. CCUR Holdings, Inc.*, 2022 WL 1744438 (Del. Ch. May 31, 2022).

[3] *See id.* at \*12-13 ("Defendants argue that *Applebaum II* [*Applebaum v. Avaya, Inc.*, 812 A.2d 880 (Del. 2002)] and *Reis* [*v. Hazelett Strip- Casting Corp.*, 28 A.3d 442 (Del. Ch. 2011)] preclude a stockholder from maintaining a freestanding claim asserting a violation of Section 155.  That argument overstates the holding of those cases.  Neither *Applebaum II* nor *Reis* expressly held that a stockholder could not assert a direct claim against a corporation for violating Section 155. . . . *Reis* and *Applebaum II* recognize that, although Section 155(2) does not entitle a stockholder challenging a payment of cash for fractional interests to a Section 262 appraisal, it does not foreclose a statutory claim in appropriate circumstances.  Where, as here, the company pays cash based on a market price for a stock that is not widely traded in an end stage transaction, there may be reason to doubt the reasonableness of that determination. . . .  Under the circumstances of this case, it is reasonably conceivable that the Company's selection of a ten-day trading average of CCUR stock on the OTC was not fair value under Section 152(2).  This is not to say that at a later stage of this case the Company will not be able to establish $2.86 per share as the appropriate

(3)     The Company asked the Court of Chancery to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42.  The Company argued that the Opinion decided a substantial issue of material importance—namely, whether a stockholder may maintain a "standalone statutory claim" against a corporation under Section 155(2) for the corporation's alleged failure to pay fair value for fractional interests.  Addressing the Rule 42(b)(iii) factors, the Company argued that (i) the Opinion involved a legal question of first impression;[4] (ii) the Opinion created "at least tension, if not an outright conflict," regarding the question of law;[5] (iii) the question of law at issue relates to the construction and application of Section 155, which this Court should settle on an interlocutory basis;[6] (iv) interlocutory review might terminate the litigation;[7] and (v) interlocutory review would serve considerations of justice.[8]

(4)     On June 21, 2022, the Court of Chancery denied the application for certification.  The court determined that the Opinion had decided a substantial issue of material importance but concluded that the likely benefits of interlocutory review

---

payment for cashed-out fractional interests.  At this stage, however, giving Plaintiff the benefit of all reasonable inferences, the court cannot conclude that Plaintiff has failed to state a claim under Section 155(2)." (citation to briefing omitted)).

[4] DEL. SUPR. CT. R. 42(b)(iii)(A).

[5] Notice of Appeal from Interlocutory Order, Exhibit 2, at 8 (citing DEL. SUPR. CT. R. 42(b)(iii)(B) ("The decisions of the trial courts are conflicting upon the question of law . . . .")).

[6] DEL. SUPR. CT. R. 42(b)(iii)(C).

[7] *Id.* R. 42(b)(iii)(G).

[8] *Id.* R. 42(b)(iii)(H).

would not outweigh the probable costs, such that interlocutory review would be in the interests of justice.[9] First, the court concluded that the Opinion did not involve a question of law resolved for the first time in this State, because "[i]t is well established that a stockholder may assert direct claims for violation of a statute"[10] and previous decisions relating to Section 155 did not foreclose a standalone claim asserting a violation of Section 155(2).[11] Second, the court disagreed with the Company's contention that previous decisions are conflicting on the question of law at issue.[12] Third, the court agreed that the question of law relates to the construction and application of a Delaware statute but was not persuaded that the issue should be settled by this Court on an interlocutory basis.[13] Fourth, the Court of Chancery agreed with the Company that interlocutory review would terminate the litigation if this Court determined that a statutory claim under Section 155(2) is not cognizable.[14] Fifth, the court determined that an interlocutory appeal would not serve considerations of justice because the question at issue is not a frequently recurring one and, contrary to the Company's argument, interlocutory review of the Court of Chancery's denial of the motion to dismiss would not provide "'guidance regarding

---

[9] *Id.* R. 42(b)(iii).
[10] Notice of Appeal from Interlocutory Order, Exhibit 4, at 6.
[11] *Id.* at 7.
[12] *Id.* at 7-8.
[13] *Id.* at 8.
[14] *Id.*

4

the nature of any appraisal available under Section 155'" because such guidance would be advisory at the motion to dismiss stage.[15] Concluding that the likely benefits of interlocutory review did not outweigh the probable costs, the court declined to certify the interlocutory appeal.[16]

(5) We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[17] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the decision of the Court of Chancery do not exist in this case,[18] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal. We agree with the Court of Chancery that further proceedings in that court will enable the courts to fully consider the issues presented in this case.

---

[15] *Id.* at 9-10 (quoting the application for certification of interlocutory appeal).
[16] *Id.* at 11-12.
[17] DEL. SUPR. CT. R. 42(d)(v).
[18] *Id.* R. 42(b)(ii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice